ORIGINAL-WHITE      DUPLICATE-YELLOW      TRIPLICATE-PINK

RECEIPT FOR PAYMENT
## UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

E 654650

RECEIVED FROM *Helen Dotton & Assoc*

*08cv5599(LAP)*

| Fund | | |
|------|---|---|
| 6855XX | Deposit Funds | |
| 604700 | Registry Funds | |
| | General and Special Funds | |
| 508800 | Immigration Fees | DATE TIME: 6/20/2008 2:17:10 |
| 085000 | Attorney Admission Fees | |
| 086900 | Filing Fees | STATION: 01 |
| 322340 | Sale of Publications | |
| 322350 | Copy Fees | COMPLAINT & SU $350.00 |
| 322360 | Miscellaneous Fees | $60. |
| 143500 | Interest | $100.00 $90.00 |
| 322380 | Recoveries of Court Costs | $100.00 |
| 322386 | Restitution to U S Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | $350.00 |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DEPUTY CLERK 

| DATE: | | Cash | Check | M O | Credit |
|-------|---|------|-------|-----|--------|
| | 20 | | | | |

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

Orlando Martinez on his own behalf and on
behalf of those similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

KNYB CP LLC, Harlem 522-147 Ass. LLC, EIMJ
Man. Co. LLC, Israel Weinberger, & C. Pichardo

CASE NUMBER:

**'08 CIV 5599**

TO: (Name and address of Defendant)

| | |
|---|---|
| KNYB CP LLC | 95-04 Delancey St. NY, NY 10002 |
| Harlem 522-147 Ass. LLC | 320 Roebling St. Brooklyn NY 11211 |
| EIMJ Managing Company LLC | 95-04 Delancey St. NY, NY 10002 |
| Israel Weinberger | 320 Roebling St. Brooklyn NY 11211 |
| C. Pichardo | 549 E 12 St. NY, NY 10009 |

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Helen Dalton and Associates, P.C.
69-12 Austin St
Forest Hills, NY 11375

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

| | |
|---|---|
| CLERK | DATE |
| (By) DEPUTY CLERK | JUN 2 0 2008 |

℁₂AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct |

Executed on _____        _____
                    Date                *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

JUDGE PRESKA

08 CIV 5599

Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ORLANDO MARTINEZ, on his own behalf and on
Behalf of those similarly situated



                                    Plaintiff,                              **COMPLAINT**

        -against-                                                          **JURY TRIAL**
                                                                           **DEMANDED**

KNYB CP LLC, HARLEM 522-147 ASSOCIATES
L.L.C, EIMJ MANAGING COMPANY LLC,
ISRAEL WEINBERGER, an individual and
C PICHARDO, an individual

                            Defendants
_____X

1   Plaintiff, ORLANDO MARTINEZ (hereinafter referred to as "Plaintiff"), by
    his attorneys at Helen F. Dalton & Associates, PC, allege, upon personal
    knowledge as to herself and upon information and belief as to other matters,
    as follows:

### PRELIMINARY STATEMENT

2.  Plaintiff, ORLANDO MARTINEZ through undersigned counsel, brings this
    action against KNYB CP LLC, HARLEM 522-147 ASSOCIATES L.L.C,
    EIMJ MANAGING COMPANY LLC, ISRAEL WEINBERGER an
    individual and C PICHARDO, an individual (collectively, "Defendants"), to
    recover damages for egregious violations of federal and state minimum wage
    and overtime laws arising out of Plaintiff's employment at KNYB CP LLC
    located at 95-04 Delancey St., New York, NY 10002, EIMJ Managing

Company LLC, 95-04 Delancey St., New York, NY 10002., and Harlem 522-147 Associates, L.L.C. 320 Roebling St., Suite 501,Brooklyn, NY 11211

3. Plaintiff ORLANDO MARTINEZ was employed by Defendants to work as a custodian and construction worker, painter, tile floors, and to clean from approximately October 1st, 2007 until his employment was terminated on May 16th, 2008. Although Plaintiff ORLANDO MARTINEZ worked approximately one hundred and five (105) hours or more per week during the period of October of 2007 through December 25 of 2007 and approximately seventy seven (77) hours or more per week from December 25 of 2007 through May 16th of 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Plaintiff ORLANDO MARTINEZ was employed by Defendants to work as a custodian and construction worker, painting, tiling floors, etc, and cleaning at the KNYB CP LLC, EIMJ Managing Company LLC, and Harlem 522-147 Associates, L.L.C from approximately October of 2007 until his employment was terminated on May 16th, 2007, and Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

5. Plaintiff ORLANDO MARTINEZ was employed by Defendants to work as a custodian and construction worker, painting, tiling floors, etc, and cleaning at the EIMJ Managing Company LLC from approximately October of 2007 until his employment was terminated on May 16th, 2007, and Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

6. Plaintiff ORLANDO MARTINEZ was employed by Defendants to work as a custodian and construction worker, painting, tiling floors, etc, and cleaning at the Harlem 522-147 Associates, L.L.C from approximately October of 2007 until his employment was terminated on May 16th, 2007, and Defendants failed to pay minimum wage in accordance with NY Labor Law and Fair Labor Standards Act.

7. Although Plaintiff ORLANDO MARTINEZ worked approximately one hundred and five (105) hours or more per week during the period of October of 2007 through December of 2007, and approximately seventy seven (77) or more hours per week during the period of December 2007 through May 2008 Defendants did not pay Plaintiff time and a half (1 5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law

8. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00 Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

10. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202

## THE PARTIES

13. Plaintiff, ORLANDO MARTINEZ, resides at 22-61 Andrew St., Apt #54 Bronx, NY 11368, in Bronx County, New York and was employed by Defendants at KNYB CP LLC, EIMJ Managing Co., LLC, and Harlem 522-147 ASSOCIATES LLC, in New York, New York from on or about October 1st, 2007 until May 16th, 2008

14. Upon information and belief, Defendant, KNYB CP LLC is a limited liability corporation organized under the laws of New York with a principal executive office at 95-04 Delancey St , New York, NY 10002

15. Upon information and belief, Defendant, EIMJ Managing Company LLC is a limited liability corporation organized under the laws of New York with a principal executive office at 95-04 Delancey St., New York, NY 10002

16. Upon information and belief, Defendant, Harlem 522-147 Associates, L.L.C. is a limited liability corporation organized under the laws of New York with a principal executive office at 320 Roebling St , Suite 501 Brooklyn, NY 11211

17. Upon information and belief, KNYB CP LLC Defendant, is a limited liability company authorized to do business under the laws of New York.

18. Upon information and belief, Defendant, EIMJ Managing Company LLC is a limited liability company authorized to do business under the laws of New York.

19. Upon information and belief, Harlem 522-147 Associates, L.L.C. Defendant, is a limited liability company authorized to do business under the laws of New York.

20. Upon information and belief, Defendant ISRAEL WEINBERGER, owns and/or operates KNYB CP LLC that does business under the name "KNYB CP LLC" at 95-04 Delancey St., New York, NY 10002.

21. Upon information and belief, Defendant ISRAEL WEINBERGER, owns and/or operates EIMJ Managing Company LLC that does business under the name "EIMJ Managing Company LLC" at 95-04 Delancey St., New York, NY 10002.

22. Upon information and belief, Defendant ISRAEL WEINBERGER, owns and/or operates Harlem 522-147 Associates, L.L.C. that does business under the name "Harlem 522-147 Associates, L.L.C" at 320 Roebling St , Suite 501 Brooklyn, NY 11211.

23. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chairman of the Board of KNYB CP LLC.

4

24. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chairman of the Board of EIMJ Managing Company LLC

25. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chairman of the Board of Harlem 522-147 Associates, L L C

26. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chief Executive Officer of KNYB CP LLC

27. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chief Executive Officer of EIMJ Managing Company LLC

28. Upon information and belief, Defendant ISRAEL WEINBERGER, is the Chief Executive Officer of Harlem 522-147 Associates, L.L.C

29. Upon information and belief, Defendant ISRAEL WEINBERGER, is an agent of KNYB CP LLC.

30. Upon information and belief, Defendant ISRAEL WEINBERGER, is an agent of EIMJ Managing Company LLC

31. Upon information and belief, Defendant ISRAEL WEINBERGER, is an agent of Harlem 522-147 Associates, L.L.C

32. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over personnel decisions for KNYB CP LLC.

33. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over personnel decisions for EIMJ Managing Company LLC.

34. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over personnel decisions for Harlem 522-147 Associates, L.L.C.

35. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over payroll decisions for KNYB CP LLC

36. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over payroll decisions for EIMJ Managing Company LLC

37. Upon information and belief, Defendant ISRAEL WEINBERGER, has power over payroll decisions for Harlem 522-147 Associates, L.L.C.

38. Defendant ISRAEL WEINBERGER has the power to hire and fire employees at the KNYB CP LLC establish and pay their wages, set their work schedule, and maintains their employment records

5

39. Defendant ISRAEL WEINBERGER has the power to hire and fire employees at the EIMJ Managing Company LLC establish and pay their wages, set their work schedule, and maintains their employment records

40. Defendant ISRAEL WEINBERGER has the power to hire and fire employees at the Harlem 522-147 Associates, L.L.C. establish and pay their wages, set their work schedule, and maintains their employment records

41. During relevant times, Defendant ISRAEL WEINBERGER, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law

42. Upon information and belief, Defendant C Pichardo, owns and/or operates KNYB CP LLC that does business under the name "KNYB CP LLC" at 95-04 Delancey St, New York, NY 10002.

43. Upon information and belief, Defendant C Pichardo, owns and/or operates EIMJ Managing Company LLC that does business under the name "EIMJ Managing Company LLC" at 95-04 Delancey St, New York, NY 10002.

44. Upon information and belief, Defendant C Pichardo, owns and/or operates Harlem 522-147 Associates, L.L.C. that does business under the name "Harlem 522-147 Associates, L.L.C" at 320 Roebling St, Suite 501, Brooklyn, NY 11211.

45. Upon information and belief, Defendant C Pichardo, is the Chairman of the Board of KNYB CP LLC.

46. Upon information and belief, Defendant C Pichardo, is the Chairman of the Board of EIMJ Managing Company LLC

47. Upon information and belief, Defendant C Pichardo, is the Chairman of the Board of Harlem 522-147 Associates, L.L.C

48. Upon information and belief, Defendant C Pichardo, is the Chief Executive Officer of KNYB CP LLC

49. Upon information and belief, Defendant C Pichardo, is the Chief Executive Officer of EIMJ Managing Company LLC

50. Upon information and belief, Defendant C Pichardo, is the Chief Executive Officer of Harlem 522-147 Associates, L.L.C

51. Upon information and belief, Defendant C Pichardo, is an agent of KNYB CP LLC

52. Upon information and belief, Defendant C Pichardo, is an agent of EIMJ Managing Company LLC

53. Upon information and belief, Defendant C Pichardo, is an agent of Harlem 522-147 Associates, L.L.C.

54. Upon information and belief, Defendant C Pichardo, has power over personnel decisions of KNYB CP LLC

55. Upon information and belief, Defendant C Pichardo, has power over personnel decisions of EIMJ Managing Company LLC

56. Upon information and belief, Defendant C Pichardo, has power over personnel decisions of Harlem 522-147 Associates, L.L.C.

57. Upon information and belief, Defendant C Pichardo, has power over payroll decisions of KNYB CP LLC

58. Upon information and belief, Defendant C Pichardo, has power over payroll decisions of EIMJ Managing Company LLC

59. Upon information and belief, Defendant C Pichardo, has power over payroll decisions of Harlem 522-147 Associates, L.L.C.

60. Defendant C Pichardo has the power to hire and fire employees at KNYB CP LLC establish and pay their wages, set their work schedule, and maintains their employment records.

61. Defendant C Pichardo has the power to hire and fire employees at EIMJ Managing Company LLC establish and pay their wages, set their work schedule, and maintains their employment records.

62. Defendant C Pichardo has the power to hire and fire employees at Harlem 522-147 Associates, L.L.C. establish and pay their wages, set their work schedule, and maintains their employment records.

63. During relevant times, Defendant C Pichardo, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law

64. On information and belief, KNYB CP LLC is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in

7

interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

65. On information and belief, EIMJ Managing Company LLC is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

66. On information and belief, Harlem 522-147 Associates, L.L.C. is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

67. Plaintiff, ORLANDO MARTINEZ, was employed by Defendants at the KNYB CP LLC, Harlem 522-147 Associates, LLC, and EIMJ Managing Company LLC in New York, New York, between approximately October 1st, 2007 through May of 2008.

68. During his employment by Defendants at KNYB CP LLC, Harlem 522-147 Associates, LLC, and EIMJ Managing Company LLC in New York, New York Plaintiff's primary duties were cleaning the buildings, taking out the trash, performing some construction services, painting, tiling floors and other miscellaneous duties as directed by supervisors and managers.

69. Defendants usually created work schedule, requiring Plaintiff ORLANDO MARTINEZ to work well more than forty (40) hours per week.

70. Plaintiff, ORLANDO MARTINEZ, was employed by Defendants to work as a custodian and construction worker. Although Plaintiff worked approximately one hundred and five (105) hours or more per week during the period of October of 2007 through December of 2007 and approximately seventy seven (77) hours or more per week during the period of December 25th 2007 through May 2008, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

71. In fact, the schedule created by Defendants required Plaintiff to work approximately one hundred and five (105) hours or more per week during the period of October of 2007 through December of 2007 and approximately seventy seven (77) hours or more per week during the period of December 25th 2007 through May 2008

72. Despite the long hours that Plaintiff ORLANDO MARTINEZ worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from October 1st, 2007 to December 25th, 2007.

73. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

74. During many or all weeks in which Plaintiff ORLANDO MARTINEZ was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

75. Defendants did not pay Plaintiff ORLANDO MARTINEZ for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

76. At all relevant times, the FLSA, 29 U. S. C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour.

77. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of $7.15 an hour.

78. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place in the company as required by both NYLL and the FLSA.

79. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

80. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

81. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

84. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

85. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

86. Defendants willfully failed to pay Plaintiff(s) minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

87. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

88. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

92. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

93. Defendants also failed to pay Plaintiff the required minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

94. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## THIRD CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

97. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

98. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206 (a) and 207(a).

99. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

100. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiffs.

101. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

## FOURTH CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

102. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

12

103.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

104.    Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

105.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

106.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

108.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that judgment be granted:

   a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b.  Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

c.  Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d.  Awarding Plaintiff prejudgment and post-judgment interest;

e.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f.  Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint

Dated: This 17TH day of June 2008

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

14